**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIFFANY BERRY | ) | |
| | ) | |
| Plaintiff, | ) | Case No. ___ |
| | ) | |
| v. | ) | Removed from Cuyahoga County Court of |
| | ) | Common Pleas, Case No. CV 22 960236 |
| | ) | |
| LOWES HOME CENTERS, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 because

Plaintiff Tiffany Berry ("Plaintiff") and Defendant Lowe's Home Centers, LLC ( "Lowe's") and

Plaintiff are citizens of different states and the amount in controversy exceeds $75,000.00,

exclusive of interest and costs.

Accordingly, pursuant to 28 U.S.C. §§ 1441 and 1446, Lowe's files the following Notice

of Removal of the above-captioned action from the Cuyahoga County Court of Common Pleas,

State of Ohio, where it is now pending, to the United States District Court for the Northern District

of Ohio.

**FACTUAL BACKGROUND**

1.      Plaintiff initiated this action on March 3, 2022 by filing a Complaint in the

Cuyahoga County Court of Common Pleas, State of Ohio, designated as *Berry v. Lowes Home*

*Centers, LLC*, Case No. CV 22 960236.

2.      Lowe's was served with a copy of the Summons and Complaint on March 7, 2022,

which is the first date upon which it had actual notice of the pending action.  Copies of the

Summons and Complaint, which are the only pleadings filed in this matter to date, are attached

hereto as Exhibit A.

3.    Plaintiff claims Lowe's subjected her to unlawful race discrimination in violation of Ohio Revised Code § 4112.  Complaint, ¶ 133.  Plaintiff requests an award of lost wages, compensatory damages, punitive damages in excess of $25,000.00, attorney fees, costs, and interest.  *Id.*, *ad damnum*.

4.    Plaintiff is an Ohio citizen residing at 2819 Tuxedo Avenue in Parma.  *Id.*, ¶ 1, caption.

5.    Lowe's is a limited liability company with a principal place of business in North Carolina that has only one member, Lowe's Companies, Inc.  Lowe's Companies, Inc. is incorporated in North Carolina and its principal place of business is in North Carolina.  Declaration of Grace Ridley ("Ridley Dec.," attached hereto as Exhibit B), ¶¶ 3-4.

6.    At the time of her termination of employment, Plaintiff earned a base salary of $92,702.00.  Complaint ¶ 36; Ridley Dec. ¶ 8

## LEGAL ANALYSIS

7.    A civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally.  28 U.S.C. § 1441(a).

8.    A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.  28 U.S.C. § 1332(a).

9.    For purposes of determining diversity jurisdiction, a limited liability company has the citizenship of each of its members.  *Kahl v. Spectrum Sec., LLC*, No. 1:18-cv-2731, 2019 U.S. Dist. LEXIS 4854, at *1 (N.D. Ohio Jan. 10, 2019), citing *Delay v. Rosenthal Collins Group, Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2006).

10.     A corporation is considered a citizen of the state in which it is incorporated and of the state in which it has its principal place of business/corporate headquarters or "nerve center." 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1185-86 (2010).

11.     To determine the amount in controversy in a removed action, the Court must look at the pleadings and claims as they exist on the date of removal.  *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001).

12.     Where, as here, a plaintiff seeks to recover an unspecified amount, the defendant may remove a case by showing that "it is more likely than not" the plaintiff's claims meet the federal required amount in controversy.  *Hampton v. Safeco Ins. Co.*, 614 Fed. Appx. 321, 323 (6th Cir. 2015).  This test "does not place upon the defendant the daunting burden of proving, to a legal certainty, that plaintiff's damages are not less than the amount-in-controversy."  *Hayes*, 266 F.3d at 572.

13.     Plaintiff is a citizen of the State of Ohio.

14.     Lowe's is wholly owned by Lowe's Companies, Inc., which is incorporated in the state of North Carolina with its principal place of business in North Carolina.  Thus, Lowe's is a citizen of North Carolina and is not a citizen of Ohio.

15.     Plaintiff seeks to recover lost pay, compensatory damages, punitive damages, attorney fees, costs, and interest.  Complaint, *ad damnum*.

16.     Plaintiff claims her annual base salary was $92,702.00 and that her employment was terminated on September 22, 2021.  *Id.*, ¶¶ 36, 106.  If Plaintiff were to prevail, she could more likely than not recover the jurisdictional amount in back pay alone.

17.     The foregoing does not encompass other damages sought by Plaintiff in her Complaint, including compensatory damages, punitive damages in excess of $25,000.00, attorney

3

fees, and court costs. *See*, *e.g.*, *Klepper v. First Am. Bank,* 916 F.2d 337, 341 (6th Cir. 1990) (request for punitive damages may satisfy the amount-in-controversy requirement); *Hayes*, 266 F.3d at 572 (6th Cir. 2001) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered."); *Rosen v. Chrysler Corp.,* 205 F.3d 918, 921 (6th Cir. 2000) (court found that damages, inclusive of "attorney's fees and compensatory damages, likely give rise to an amount in controversy in excess of" the required amount).

18.     Based on the foregoing, Lowe's has sufficiently demonstrated that the amount in controversy exceeds the $75,000.00 required for diversity jurisdiction.

19.     The Cuyahoga County Court of Common Pleas, State of Ohio, in which this action was commenced, is within this Court's district.

20.     This Notice of Removal is being filed within 30 days of Lowe's receipt of the initial pleading by service or otherwise, setting forth the claim for relief upon which this action is based and upon which it could first be ascertained that this case is removable, and is timely filed pursuant to 29 U.S.C. § 1446.

21.     Lowe's preserves all other bases for removal of this action to this Court.

22.     A Notice of Filing of the instant Notice of Removal will be filed with the Cuyahoga County Court of Common Pleas, State of Ohio, and a copy of this Notice of Removal will be served upon counsel for Plaintiff.

WHEREFORE, Lowe's hereby removes the above-described action now pending in the Cuyahoga County Court of Common Pleas, State of Ohio, to the United States District Court for the Northern District of Ohio.

Dated: April 4, 2022                     Respectfully submitted,

                                         *s/Douglas M. Oldham*
                                         Kathleen M. Anderson (0074422), Trial Attorney
                                         BARNES & THORNBURG LLP
                                         888 S. Harrison Street, Suite 600
                                         Fort Wayne, Indiana  46802
                                         Telephone:     (260) 425-4657
                                         Facsimile:     (260) 424-8316
                                         Email:         kathleen.anderson@btlaw.com

                                         Douglas M. Oldham (0088927)
                                         BARNES & THORNBURG LLP
                                         41 South High Street, Suite 3300
                                         Columbus, Ohio 43215
                                         Telephone:     (614) 628-0096
                                         Facsimile:     (614) 628-1433
                                         Email:         douglas.oldham@btlaw.com

                                         *Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

On this 4th day of April 2022, a copy of the foregoing was electronically filed with the

Clerk of Court using the CM/ECF system such that it will be served to the following counsel of

record through the CM/ECF system, and by email.

> Fred M. Bean
> Taurean J. Shattuck
> Spitz Law Firm
> 25825 Science Park Drive
> Suite 200
> Beachwood, Ohio 44122
> fred.bean@spitzlawfirm.com
> taurean.shattuck@spitzlawfirm.com

<em>s/ Douglas M. Oldham</em>

6